(No. 91-CC-1856— )

FRANK H. MORRIS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed November 26, 1991.*

*Order filed February 14, 1992.*

FRANK H. MORRIS, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CHRISTINE M. GIACOMINI, Assistant Attorney General, of counsel), for Respondent.

## ORDER

PATCHETT, J.

This case concerns a claim filed regarding the retention of 10% of a bail bond posted by the Claimant. The Claimant was evidently convicted of a crime in a circuit court of the State of Illinois. The record is silent as to the specifics; however, it is clear from the record that the Claimant filed an appeal to the State of Illinois Third District Appellate Court. That court reversed his conviction. Pursuant to the filing of his appeal, the Claimant also filed a bail bond in appellate court in the amount of $100,000.00, by filing cash in the amount of $10,000.00. The record is clear that the Claimant filed this by cashier's check No. 310497 issued by the Marine Bank of Champaign-Urbana.

Subsequent to the Third District Appellate Court reversing his conviction, the clerk of that court refunded

to the Claimant the sum of $9,000.00 of his bond. Pursuant to statute, specifically Ill. Rev. Stat., ch. 38, par. 110—7(f), the clerk of the appellate court retained 10% of the bond the Claimant had posted as bail bond costs. The Claimant subsequently filed a claim for the return of that money, plus interest, with this Court.

The Respondent has filed a motion to dismiss. The Respondent cites the statute above. This Court is of extremely limited jurisdiction. Although we have jurisdiction over claims against the State of Illinois, this claim clearly does not fall under any category over which we can exercise jurisdiction. The statute cited above plainly provides that the relief the Claimant seeks could only be granted by a court of general jurisdiction. In this case, the Claimant posted the bond with the Third District Appellate Court, and the court was required to retain 10% of the bail bond "unless the court orders otherwise." If the Claimant seeks relief in the form of having the 10% of his bail bond returned to him, that relief can only be found in the Third District Appellate Court, or another appropriate judicial forum in courts of general jurisdiction in the State of Illinois. The Court of Claims clearly lacks jurisdiction to rule on this claim.

For the above reason, the Claimant's motion for judgment by default filed herein is denied, and the Respondent's motion to dismiss with prejudice due to lack of jurisdiction filed herein is granted.

## ORDER

MONTANA, J.

This cause comes on to be heard on the Claimant's motion to resolve jurisdiction conflict, due notice having been given, and the Court being advised;

It is hereby ordered that the motion at bar is hereby denied.